IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30918
Summary Calendar
_____

GOLITH ADAMS, JR.,

                                        Plaintiff-Appellant,

versus

STATE OF LOUISIANA; RICHARD L. STALDER; JAMES LEBLANC;
LESLIE PERKINS, RN, DCI; UNKNOWN STEVENS, LPN, DCI;
UNKNOWN RICHARDSON, Correctional Officer, LSP;
UNKNOWN BELL, Captain/Lieutenant, Correctional Officer, DCI;
JULIE BEARES, LPN, DCI; UNKNOWN JUAREZ, Doctor, DCI,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-516
- - - - - - - - - - -

November 19, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Golith Adams, Jr., appeals the district court's judgment dismissing his 42 U.S.C. § 1983 civil rights action without prejudice to any state-law claims. Adams's motion for the appointment of counsel to help him obtain a copy of his brief is DENIED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adams argues that the district court erred in dismissing his deliberate-indifference claims against Stalder, LeBlanc, Stevens, Beares(Reames), and Juarez, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  We have reviewed the pleadings throughly and affirm the grant of the motion essentially for the reasons relied on by the district court in Adams v. Stalder et al., No. 96-516-B-M1 (M.D. La. Jul. 30, 1997).

Adams has not briefed the issues whether the district court erred by failing to dismiss his claims against the State of Louisiana or in dismissing his false-disciplinary-reports claim. Although pro se litigants' briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Adams has failed to brief these issues, he has abandoned them.

Adams argues that the district court erred in granting the motion for summary judgment filed by Bell, Richardson, and Perkins.  We have reviewed throughly the pleadings, exhibits, arguments, and briefs and affirm summary judgment  essentially for the reasons relied on by the district court in Adams v. Stalder et al., No. 96-516-B-M1 (M.D. La. Jul. 30, 1997).

Adams asserts that the district court erred in dismissing his prison-transfer claim as frivolous.  He argues that he was transferred in retaliation for his use of the prison grievance procedure and that Stalder and LeBlanc authorized the transfer out of malice and to punish Adams.  The magistrate judge did not

address Adams's assertion that the transfer was made in retaliation for his use of the prison grievance procedure.  In his objections to the magistrate judge's report and recommendation, Adams did not argue that the magistrate judge failed to address his retaliation claim and did not reargue his allegations of a retaliatory motive.  Because Adams did not raise this issue in his objections to the magistrate judge's report and recommendations, we review it for plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).  The district court did not err in dismissing the claim.  Adams has no constitutional right to be housed in a particular facility, Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983), and alleged no more than his personal belief that the transfer was taken in retaliation for his grievances.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997).

Adams also argues that the district court abused its discretion by declining to exercise supplemental jurisdiction because "the issue of a novel or complex state law violation [was] not the gist of [his] complaint."  This argument, which Adams did not raise in his objections to the magistrate judge's report and recommendation, lacks merit.  A district court may decline to exercise supplemental jurisdiction over state-law claims, inter alia, if the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

AFFIRMED; MOTION DENIED.